IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Peter John Grzeskowiak,            )
                                   )
       Plaintiff,          )    Case No: 2:12-cv-70
                                   )
  vs.                              )
                                   )    **REPORT AND RECOMMENDATION**
Menards,                           )
                                   )
       Defendant.          )

Plaintiff Peter John Grzeskowiak ("Grzeskowiak"), who is proceeding *pro se,* filed a complaint in state court against defendant Menards. Defendant removed the action to federal court based on diversity jurisdiction. (Doc. #1). On September 24, 2012, defendant filed a motion to dismiss the action. (Doc. #13). Grzeskowiak failed to respond to the motion to dismiss, and the time to do so has expired. "An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken." D.N.D. Civ. L.R. 7.1(F). The court finds Grzeskowiak has admitted the motion to dismiss is well taken. In addition, as to each of his claims Grzeskowiak has either failed to state a claim upon which relief can be granted or his claims are barred by the statute of limitations. It is **RECOMMENDED** that his complaint be dismissed with prejudice.

### Background

Grzeskowiak's complaint arises out of allegedly defective merchandise he purchased at Menards in Grand Forks, North Dakota. In the "INTRODUCTION" to his complaint, Grzeskowiak states the first defective item he purchased from Menards was dog food. (Doc. #1-2, p. 2). Grzeskowiak alleges the dog food bags would "burst open." Id. Thereafter, in the "PRAYER FOR RELIEF" section of his complaint, Grzeskowiak lists several other items

purchased from Menards that he deems as defective, and he seeks monetary damages as a result of those defective products.

In Counts 1 through 3 Grzeskowiak alleges he received a garage door with a bent panel from Menards on August 11, 2006. Id. at p. 3. He contends he returned the bent door, Menards kept his receipt in return for a "proper panel," Menards refused to give him a new door with an opening screen window, and as a result flies invaded his home.[1] Id. Grzeskowiak seeks a total of $120,000 in damages for Counts 1 through 3. Id.

In Count 4 Grzeskowiak alleges Menards sold him "worthless" mouse traps resulting in $60,000 in damages to his home caused by mice. Id. In Count 5 Grzeskowiak contends Menards sold him a tubing cutter that broke the first time he used it. Id. He seeks $30,000 for Menards' refusal to "[h]onor a warranty" relating to the tubing cutter. Id. Also in Count 5, Grzeskowiak states he bought light bulbs when his hand was broken, but a store employee refused to install the light bulbs and the bulbs were not the right size. Id. at pp. 3-4. The manager at Menards told Grzeskowiak to return the bulbs, but Grzeskowiak stated he did not have the time. Id. at p. 4. Grzeskowiak seeks $30,000 in damages apparently for poor service and for what Grzeskowiak labels as "theft of [his] time." Id. In Count 6 Grzeskowiak alleges Menards sold him a "pre-broken" yard light, and he states that the screws were not properly cut so he had to use a vice grip to install the light. Id.

Counts 7 through 9 all appear to relate to the relief sought by Grzeskowiak. He requests the court order Menards to pay to clean his home; he seeks $60,000 for stress and theft of his

---

[1] It is unclear whether Grzeskowiak is referring to one or two doors. At one point he refers to an "overhead door" for his garage, and at another point he refers to an "entry door." (Doc. #1-2, p. 3).

time, and $120,000 for psychological abuse of a disabled adult. Additionally, Grzeskowiak seeks $330,000 in punitive damages, treble damages for his loss, and costs and attorney fees.

## Counts 1 through 3

Defendant contends Grzeskowiak's claims regarding the garage door are time barred. Chapter 41-02 of the North Dakota Century Code applies to transactions in goods. N.D. Cent. Code § 41-02-02 (1965). A party alleging breach of contract for the sale of goods must commence the action within four years of when the breach occurs, "regardless of the aggrieved party's lack of knowledge of the breach." N.D. Cent. Code § 41-02-104 (1985). "A breach of warranty occurs when tender of delivery is made . . . ." Id. Grzeskowiak states he received the defective garage door on August 11, 2006. Id. He did not commence the instant action until August 9, 2012. Grzeskowiak's claims related to the garage door are time barred.

It is unclear whether Grzeskowiak intended to bring a claim regarding the defective dog food bags as he only referred to the bags in his introduction of his complaint, and he did not include the defective bags as a "Count." Grzeskowiak did not explicitly state he was seeking any relief for the defective dog food bags, and defendant does not address the issue in its motion to dismiss and memorandum in support of the motion. Construing Grzeskowiak's complaint liberally and finding that Grzeskowiak intended to include the defective dog food bags as a claim, it is apparent that claim is also time barred as Grzeskowiak states the purchase of the dog food was the "first" time he received a defective product from Menards. (Doc. #1-2, p. 2). Since he received the defective garage door approximately six years ago, Grzeskowiak's claim regarding the dog food would have accrued prior to that time. Grzeskowiak did not commence the instant action within four years of the breach as required by statute. Grzeskowiak's claims related to the dog food bags are time barred.

3

## Counts 4 through 6

Defendant contends Grzeskowiak's claims regarding the mousetraps, tubing cutter and yard light are not plausible on their face, and there is no conceivable cause of action related to the sale of light bulbs to Grzeskowiak. Grzeskowiak's allegations in his complaint are difficult to decipher. The defendant assumes that Grzeskowiak is alleging breach of the implied warranty of merchantability as to the mousetraps, tubing cutter and yard light. See N.D. Cent. Code § 41-02-31 (1965). Grzeskowiak has not objected to that characterization of his claims. Under the implied warranty of merchantability goods must be fit for their ordinary purposes. Id. The plaintiff must prove that "the goods were nonmerchantable and this condition existed at the time when the goods were delivered to him," and "that the unsatisfactory results obtained in using the seller's goods were the result of a condition of or defect in the goods which was a breach of warranty." Eichenberger v. Wilhelm, 244 N.W.2d 691, 696 (N.D. 1976) (citation omitted).

A complaint is subject to dismissal if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A complaint states a plausible claim for relief if its 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Branden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). There must be "more than the sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

The court must accept the plaintiff's factual allegations as true. Id. However, "some factual allegations may be so indeterminate that they require 'further factual enhancement' in order to state a claim." Branden, 588 F.3d at 594 (quoting Twombly, 550 U.S. at 557). The

facts pled must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. (quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam)). To satisfy fair notice, a plaintiff must at minimum state the operative facts underlying the claim. Kyle v. Morton High School, 144 F.3d 448, 344 (7th Cir. 1998). "[M]ere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombley, 550 U.S. at 555).

Pro se complaints are to be construed liberally, but "they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 264 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Grzeskowiak does not state how the mousetraps were defective beyond his conclusion that they were "worthless," and he does not state how that defect caused $60,000 in damages to his home. In regard to the tubing cutter, Grzeskowiak does not state when he purchased the product, what brand it was, how he used the product and if that use was proper, how the tubing cutter broke, or how it caused $30,000 in damages. Finally, Grzeskowiak describes the yard light as "pre-broken," but he does not state specifically how it was broken beyond describing screws as not properly cut.[2] Oddly, Grzeskowiak installed the light using a vice grip despite describing it as broken. Grzeskowiak does not state how the light is not fit for its ordinary purpose, and it appears based on his complaint that he is utilizing the "pre-broken" light, otherwise he would have not installed it. Additionally, Grzeskowiak does not indicate the brand or type of yard light, when it was purchased, or what damages, if any, were caused by the yard light. Grzeskowiak has failed to state a claim upon which relief can be granted as to the mouse traps, tubing cutter and yard light.

---

[2] It appears Grzeskowiak's claim regarding the yard light is that it was "pre-broken," and in addition to being "pre-broken" the screws were not properly cut. Specifically, he states that Menards "[s]old him a pre-broken yard light, even the phillips head screws are not properly [c]ut . . . ." (Doc. #1-2, p. 4). It appears Grzeskowiak has two complaints about the yard light.

No cause of action exists for Grzeskowiak's claim that Menards is liable for its poor customer service due to an employee's refused to travel to Grzeskowiak's home and install light bulbs for Grzeskowiak when his hand was broken. Menards is not obligated to install customers' light bulbs, and Grzeskowiak does not state Menards ever contracted to perform any installation services. Furthermore, Menards is not liable for Grzeskowiak purchasing the wrong sized light bulbs. Grzeskowiak provides no facts that would indicate any misrepresentation, fraud or breach of a warranty. The facts as alleged by Grzeskowiak indicate nothing more than the simple purchase of the wrong size light bulbs. Grzeskowiak has failed to state a claim upon which relief can be granted as to the light bulbs.

**Counts 7 through 9**

To the extent that Grzeskowiak's request for damages can be construed as alleging intentional or negligent infliction of emotional distress, those claims fail as well. Grzeskowiak has not alleged any extreme and outrageous conduct on part of the defendant that would support a claim for intentional infliction of emotional distress. See Muchow v. Lindblad, 435 N.W.2d 918, 923-924 (N.D. 1989) (listing the elements of a claim for intentional infliction of emotional distress). Additionally, Grzeskowiak has not alleged any bodily harm, which is required to sustain a claim for negligent infliction of emotional distress. See Muchow, 435 N.W.2d at 921. Grzeskowiak has failed to state claims upon which relief can be granted related to his request for damages.

**Conclusion**

Grzeskowiak failed to respond to the defendant's motion to dismiss. Additionally, Grzeskowiak's has either failed to state claims upon which relief can be granted or his claims are

barred by the statute of limitations. It is **RECOMMENDED** that the defendant's motion to dismiss be **GRANTED** and Grzeskowiak's complaint be **DISMISSED** with prejudice.

Dated this 5th day of November, 2012.

        /s/ *Karen K. Klein*
        Karen K. Klein
        United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **November 23, 2012**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.